IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**JASON D. BROWNING,**

      **Plaintiff,**

v.                                                   Case No. 5:18cv174
                                                    (Judge Stamp)

**KAREN PSZCZOLKOWKSKI,** Warden;
**MIKE HILL,** Chief of Security**; DEPUTY WARDEN WILLIAM YURCINA,** Deputy Warden; **JOANIE HILL**, A,W.O.**; DAVID ELLIOT**, Job Coordinator**; KELLY STRICKLAND,** Kitchen Supervisor**; BRANDY MILLER**, A.W.P.**; DALE GRIFFITH**, Unit Manager**; RYAN ADAMS**, Unit Manager**; MIKE TAYLOR,** Chaplin**; KIM WILSON,** Commissary Supervisor**; C.J. RYDER**, Religious Services**; JIM RUBENSTEIN,** Commissioner**; COMMISSIONER BETSY JIVIDEN**, Commissioner**; JENNIFER L. HAYS**, Hearing Official Officer,

      **Defendants.**

## REPORT AND RECOMMENDATION

This matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is the Plaintiff's Motion for a Preliminary Injunction.

## FACTUAL BACKGROUND

The Plaintiff is a state inmate, who is currently incarcerated at the Northern Correctional Facility in Moundsville, West Virginia. The Plaintiff, who is an Orthodox

Jew, has had extensive disputes with the West Virginia Department of Corrections stemming from his religious beliefs. He has filed two previous civil actions based on those disputes. The Plaintiff's first case is civil action number 1:13-cv-23. The Plaintiff and the Defendants mediated that case and entered a Settlement Agreement and Release of All Claims on February 12, 2016. In his second case, civil action number 1:16cv145, he sought enforcement of the settlement agreement and damages. That case was dismissed for failure to exhaust administrative remedies.

In his current case, the Plaintiff again raises multiple allegations that the Defendants have breached the agreement in various ways. In addition, he raises a claim related to his medical treatment which appears to allege that he suffers from a "thyroid disease," that he is allergic to soy products, and the alternative religious meal contains soy which causes his throat to swell.  He further alleges that he is being denied kosher meals because all the cooking equipment and food is stored together. As well, he alleges that he has been denied the right to have a Rabbi observe how the religious meals are prepared and served and have him bless the food and the religious area. The Plaintiff also alleges that he been denied classification as special management and appears to allege that he's been assaulted by other inmates.

In his pending motion for a preliminary injunction, the Plaintiff seeks an order from this court transferring him to the federal prison in Morgantown ("FCI Morgantown"). The Plaintiff cites West Virginia Code § 15A-4-5, and alleges that effective July 1, 2018, Rabbi Guerevitze teaches at West Virginia University and goes every week to FCI Morgantown. The Plaintiff maintains that FCI Morgantown would be better equipped  for

his care and treatment and for meeting his religious needs. Finally, he maintains that FCI Morgantown already allows everything he requests in his complaint.

## STANDARD OF LAW

A preliminary injunction is "an extraordinary remedy that only may be awarded upon a clear showing that the plaintiff is entitled to such relief." *Dewhurst v. Century Aluminum Co.*, 649 F.2d 287, 290 (4th Cir. 2011) (quoting *Winter v. Natural Res. Def. Counsel, Inc.*, 555 U.S. 7 (2008)); see *Peterson v. National Telecommunications & Information Admin.*, 952 F. Supp.2d 313, 317 (E.D. Va. 2006) (quoting *Direx Israel Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir, 1992) (recognizing that "[a] preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which to be applied only in the limited circumstances which clearly demand it.").

In order to obtain the extraordinary remedy of a preliminary injunction, the burden is on the moving party to demonstrate: (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor;" and (4) "that an injunction is in the public interest." *Dewhurst*, 649 F.3d at 290 (internal quotation marks and citations omitted); see also *Direx v. Israel*, 952 F.2d at 812) (indicating that the moving party bears the burden of demonstrating the propriety of a preliminary injunction). In *Dewhurst*, after setting forth the above four-part test, the United States Court of Appeals for the Fourth Circuit separately highlighted the fact that controlling precedent from the Supreme Court of the United States requires that the plaintiff "**clearly show**" that he is likely to succeed on the merits. *Id. Winter*, 555 U.S. at 22 (emphasis added).

The demanding standard outlined above becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of preliminary injunction that merely preserves the status quo pending trial. *See East Tennessee Natural Gas Co. v. Sage*, 361 F.3d 808, 828 (4th Cir. 2004) (quoting *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that 'mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief")

## ANALYSIS

Because the Plaintiff is in the custody of the West Virginia Division of Corrections, the decision as to his place and type of incarceration is within the purview of that department. This Court has no authority or jurisdiction to direct the West Virginia Division of Corrections to transfer or keep him in any facility. Moreover, although West Virginia Code § 15A-4-5(a) provides that the Commissioner of the West Virginia Division of Corrections and Rehabilitation has the authority to "cause the transfer of any inmate from any facility under his or her control to any other state or federal institution or facility which is better equipped for the care or treatment of the inmate, or for other good cause or reason," the Commissioner cannot simply move the Plaintiff to FCI Morgantown. Instead, there would have to be an agreement between the BOP and the State of West Virginia to house the Plaintiff, and it appears that such an agreement would require the State of West Virginia to house a federal inmate in exchange. Furthermore, even if the BOP were willing to accept the Plaintiff, there is no guarantee that he would be placed at FCI Morgantown. The BOP would have discretion as to his placement based on a custody classification that would be made by it.

The undersigned notes that there is no indication that the Plaintiff has requested to be transferred to FCI Morgantown or any other federal prison facility. Furthermore, the record before the court does not establish that he is likely to succeed on the merits of his complaint, or even that his complaint will survive summary dismissal. Finally, not only has the Plaintiff not demonstrated that he meets the four requirements of obtaining injunctive relief, he has not attempted to argue that he does, and he requests relief that is not available from this Court

## RECOMMENDATION

Accordingly, for the reasons stated herein, the undersigned respectfully **RECOMMEND** that the Plaintiff's Motion for Injunction [ECF No. 9] be **DENIED WITHOUT PREJUDICE**.

The Plaintiff shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

      The Clerk is directed to mail a copy of this Report and Recommendation to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 18, 2019

*s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE