IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON D. BROWNING,

    Plaintiff,

v.                                            Civil Action No. 5:18CV174
                                                         (STAMP)

KAREN PSZCZOLKOWSKI, Warden,
MIKE HILL, Chief of Security,
DEPUTY WARDEN WILLIAM YURCINA,
Deputy Warden,
JOANIE HILL, A.W.O.,
DAVID ELLIOT, Job Coordinator,
KELLY STRICKLAND, Kitchen Supervisor,
BRANDY MILLER, A.W.P.,
DALE GRIFFITH, Unit Manager,
RYAN ADAMS, Unit Manager,
MIKE TAYLOR, Chaplin,
KIM WILSON, Commissary Supervisor,
C.J. RYDER, Religious Services,
JIM RUBENSTEIN, Commissioner,
COMMISSIONER BETSY JIVIDEN, Commissioner and
JENNIFER L. HAYS, Hearing Official Officer,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] plaintiff, a federal inmate who is housed at the Northern Correctional Facility in Moundsville, West Virginia filed a complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, plaintiff alleges that the defendants breached a settlement agreement that stemmed from disputes based on his

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

religious beliefs.  Id. at 11-14, 16.  The plaintiff also alleges a claim based on medical treatment, claiming that there was medical malpractice and that the defendants were deliberately indifferent to his medical needs.  Id. at 15.  Moreover, the plaintiff states that the defendants failed to protect him from being assaulted by other inmates.  Id. at 17.  The plaintiff asserts that FCI Morgantown would be "better equipped for [his] care, treatment, and [his] religious needs."  Id. at 18.  The plaintiff requests that this Court transfer him to FCI Morgantown to "resolve all matters."  Id.  In what is labeled as "Appendix #7," the plaintiff seeks the following: (1) to have the West Virginia Division of Corrections ("WVDOC") provide a kosher diet; (2) to have the WVDOC change their policy so that he can observe Jewish holidays; (3) to be permitted to wear his religious materials; (4) to have his own time for "orthodox Jews only[,]" without non-Jews in the chapel on all Jewish holidays, and "not have to pay for anyone but [himself;]" (5) to allow for rabbis to come to the prison year-round; (6) to allow the "Aleph institute to send in matza [and] grape juice every sabbat . . . [and] other religious items for Jewish holidays[;]" (7) to have the WVDOC allow him to have a microwave to stay kosher; (8) to allow him to order monthly food packages from any Jewish vendor; (9) to allow him to order a king size cooler to keep his food; (10) to allow him to order four bowls, two cups, and two water bottles; (11) to allow him to have a candelabra and two

2

battery operated shabbat candles in his cell; (12) to allow him to take religious classes and courses using the prison computer; (13) to have the WVDOC rehire him in the kitchen "without being harassed to cook [his] food[;]" (14) to have the WVDOC pay for the cost of this action and "all relief this is the actual loss of what the agreement would had made if the contract had been performed." ECF No. 1-7 at 3.

The plaintiff has also filed a motion titled as "Requesting A Preliminary Injunction of Land Special Injunction/Transfer." ECF No. 9. In that motion, the plaintiff requests that this Court transfer him to FCI Morgantown since that facility "would be better equipped for [his] care[,] treatment [and] religion . . . [T]his facility already allows everything in request to have in [his] complaint with good cause[.]" Id. at 1. The plaintiff also states that he is filing a claim for "sexual harassment, assault, and breach of trust[,]" and that the personnel at the facility "cover[] for each other[.]" Id. at 2-3.

United States Magistrate Judge James P. Mazzone entered a report and recommendation. ECF No. 17. The magistrate judge recommended that the plaintiff's motion for an injunction (ECF No. 9) be denied and dismissed without prejudice. Id. at 5.

The magistrate judge stated that "[t]he plaintiff shall have fourteen (14) days from the date of service of this Report and Recommendation within which to file with the Clerk of this Court,

3

specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection . . . Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Id. at 5-6 (emphasis omitted).

The docket reflects a return receipt was filed and service was accepted on July 22, 2019. ECF No. 18.

No objections to the report and recommendation were filed.

For the reasons discussed below, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation.

In making his recommendations, the magistrate judge first correctly found that the decision as to the plaintiff's place and

4

type of incarceration is within the purview of the WVDOC, and that this Court has no authority or jurisdiction to direct the WVDOC to transfer or keep the plaintiff in any facility. Id. at 4. Moreover, the magistrate judge properly noted that even if the Bureau of Prisons ("BOP") and the State of West Virginia come to an agreement as to the plaintiff's place of incarceration, the BOP would have discretion as to the plaintiff's placement based on a custody classification. Id. Further, the magistrate judge correctly stated that there is no indication that the plaintiff made a request to be transferred to FCI Morgantown or any other federal prison facility. Id. at 5. Lastly, the magistrate judge properly found that the record does not support a preliminary injunction since the information does not establish that the plaintiff is likely to succeed on the merits of his complaint or that his complaint would survive summary dismissal. Id. Importantly, the magistrate judge stated that the plaintiff has not attempted to argue that he meets the requirements for obtaining injunctive relief. Id.

After reviewing the record and the parties' filings, this Court is not "left with the definite and firm conviction that a mistake has been committed" as to the findings of the magistrate judge. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). This Court finds no clear error in any of the above

5

determinations of the magistrate judge and thus upholds his rulings.

Therefore, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.

IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 17) is AFFIRMED and ADOPTED. Therefore, the plaintiff's motion for a preliminary injunction (ECF No. 9) is DENIED WITHOUT PREJUDICE.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. ECF No. 22 at 17-18. Because the plaintiff failed to object, the plaintiff have waived the right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:   August 15, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE